

FILED

12/04/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0084

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 24-0084

---

FAYE JACKSON, as Personal Representative of
the Estate of Edna Balkoski,

    Plaintiff and Appellant,

    v.

STEVEN J. BALKOSKI, an individual,

    Defendant and Appellee.

**O R D E R**

**FILED**

DEC 0 4 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Appellee Steven J. Balkoski has petitioned for rehearing in the above-titled matter. Appellant Faye Jackson, as Personal Representative of the Estate, responded in opposition to Jackson's petition.

Under M. R. App. P. 20, this Court seldom grants petitions for rehearing and only entertains such petitions on very limited grounds. This Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion missed a question provided by a party or counsel that would have decided the case, or if our decision "conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20.

In our disposition of this appeal, we affirmed the District Court's determination that Steven's mother Edna Balkoski, prior to her death, had voluntarily transferred a joint tenancy to Steven via a quitclaim deed and there was no basis to rescind the deed. *Jackson v. Balkoski*, 2024 MT 203N, ¶¶ 16-17. Although Edna had initiated the litigation against Steven, she died while the litigation was in progress and her estate was substituted in September 2020. *Jackson*, ¶ 14. Because the court determined the quitclaim deed was valid, the District Court further ruled—and we affirmed—that ownership of the property passed to Steven upon Edna's death via the right of survivorship and her estate thus never had an ownership interest in Edna's ownership share. *Jackson*, ¶ 23.

The Estate then petitioned for rehearing, arguing the District Court erred in awarding Edna's ownership interest to Steven and this Court erred in affirming the District Court's ruling. Steven opposed the Estate's petition. He argued that this Court did not overlook a fact material to the decision as neither Edna nor the Estate put this argument in front of the District Court. Steven further argued this Court should not revisit its decision in favor of finality of litigation and suggested the Estate may be collaterally estopped from raising the issue of whether Edna effectively terminated the joint tenancy by filing the Severance Documents.

We granted rehearing under M. R. App. P. 20(a)(iii), agreeing with the Estate that "Edna's ownership share of the property was not brought into the litigation. . . . [O]nly Steven's ownership share was in dispute in this case[.]" We concluded that the District Court did not have jurisdiction to grant Steven the remedy of quieting title to Edna's ownership share in his favor because it could not grant relief outside of the issues presented by the pleadings unless the parties so stipulated. *Old Fashion Baptist Church v. Mont. Dep't of Revenue*, 206 Mont. 451, 457, 671 P.2d 625, 628 (1983). We concluded, "The District Court thus acted without jurisdiction when it awarded Edna's share to Steven— and we did not follow *Old Fashion Baptist Church* and similar case law when we affirmed this portion of the District Court's remedy." *Jackson v. Balkoski*, No. DA 24-0084, Order (Mont. Nov. 6, 2024).

Consequently, we withdrew our Opinion and issued an amended Opinion that struck paragraph 23, in which we had, incorrectly, affirmed that ownership of the property passed to Steven upon Edna's death via the right of survivorship and her estate thus never had an ownership interest in Edna's ownership share.

Steven now asks us to reinstate that holding. He relies on M. R. App. P. 20(1)(a)(i), which provides that this Court may grant a petition for hearing on the basis that it overlooked some fact material to the decision. Steven asserts that we erred in our Order granting rehearing by "rel[ying] on the misstatement of material fact that the lawsuit brought by Edna did not raise issues related to Edna's ownership rights." Steven, however, misstates our Order granting rehearing. The very purpose of the lawsuit was to establish

2

whether Edna was the sole owner of the disputed property. The pleadings raised the question of whether Edna owned half or all of the property. Steven never argued that Edna owned none of the property. Therefore, "the District Court did not have jurisdiction to grant Steven the remedy of quieting title to Edna's ownership share in his favor because it could not grant relief outside of the issues presented by the pleadings unless the parties so stipulated." *Jackson v. Balkoski*, No. DA 24-0084, Order (Mont. Nov. 6, 2024).

Steven is thus not entitled to rehearing as he alleges a "misstatement of material fact" that does not exist. The remaining arguments Steven raises in his petition for rehearing either were raised or should have raised in response to the Estate's previous petition for rehearing and are not entitled to further consideration.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

IT IS FURTHER ORDERED that REMITTITUR shall issue IMMEDIATELY and this case is now CLOSED.

The Clerk is directed to provide a copy of this Order to all counsel of record.

DATED this ⁁ day of December, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices